Richard PECAROVICH, Plaintiff—Appellant,

v.

**ALLSTATE INSURANCE COMPANY, Defendant—Appellee.**

No. 03–56420.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2005.

Decided June 6, 2005.

Paul S. Sigelman, Esq., Paul Sigelman Law Firm, Beverly Hills, CA, for Plaintiff–Appellant.

Seth M. Friedman, Luce, Forward, Hamilton and Scripps, LLP, San Diego, CA, for Defendant–Appellee.

Before: HALL, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM *

Richard Pecarovich appeals the district court's judgment in favor of Allstate Insurance Company, a Write–Your–Own ("WYO") coverage provider, on his wrongful denial of coverage claims under the National Flood Insurance Program ("NFIP"). The district court granted Allstate's motion for judgment on the pleadings, ruling that Pecarovich was barred by the doctrine of conflict preemption from bringing a state tort claim against Allstate for bad faith in its claims handling, and from collecting punitive damages or interest. The district court then granted Allstate's motion for summary judgment, ruling that Allstate was precluded from waiving the proof of loss filing in Pecarovich's case by a Federal Emergency Management Agency Adjuster Manual ("Adjuster's Manual") provision limiting such waivers to cases of under $7,500 of loss. We affirm the district court's holding that Pecarovich's bad faith claim and requests for punitive damages and interest are barred, but disagree that the Adjuster's Manual precluded Allstate from waiving the proof of loss filing for Pecarovich's claim. We therefore remand this case for determinations of whether Pecarovich suffered loss from a covered flood, and, if so, the amount of compensatory damages due him.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

### 1) Conflict Preemption

■ The district court correctly concluded that state tort claims related to the handling and denial of coverage under the Standard Flood Insurance Policy ("SFIP") are barred by the doctrine of conflict preemption. *See English v. Gen. Elec. Co.,* 496 U.S. 72, 79, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990).

"There is a compelling government interest in assuring uniformity of decision in cases involving the NFIP." *Flick v. Liberty Mut. Fire Ins. Co.,* 205 F.3d 386, 396 n. 14 (9th Cir.2000). In *Flick,* we noted that it would be "anomalous" if policies written by WYO insurers were subject to rules that FEMA-issued policies were not. *Id.* "It is undisputed that if FEMA had issued the SFIP ... [Pecarovich's] sole remedy for any alleged claims mishandling would be a cause of action for breach of contract." *Scherz v. South Carolina Ins. Co.,* 112 F.Supp.2d 1000, 1008–09 (C.D.Cal.2000). To allow a state tort action to proceed because Pecarovich obtained his policy through Allstate would violate the very principle of uniformity that we held "compelling" in *Flick.*

As the *Scherz* court observed, there are also important policy reasons why state tort claims related to the handling and denial of coverage under the SFIP under the NFIP are preempted. *Id.* Under the NFIP,

> WYO insurers receive compensation in the form of a 3.3% commission from the federal government on claims payments they actually make. 44 C.F.R., Pt. 62, App. A Art. III(C)(1). If the government is not obligated to pay judgments based on state law claims, then WYO insurers will likely err on the side of overpaying claims, in an effort to insulate themselves from potential bad faith liability. *Id.* at 1008.

This would defeat the objective that claimants receive only the required compensation, and insurers receive profit only on properly attainable claims. *Id.*

### 2) $7,500 Waiver Limitation

■ In *Pecarovich v. Allstate,* 309 F.3d 652 (9th Cir.2002) (*"Pecarovich I"*), we held that Article 9(J)(7) of the Standard Flood Insurance Policy ("SFIP") issued to Pecarovich authorized Allstate to waive the required proof of loss filing in certain cases. *Id.* at 658. In its petition for rehearing in *Pecarovich I,* "Allstate argue[d] for the first time that it [was] precluded from waiving the proof of loss requirement [in Pecarovich's case] by a guideline in the FEMA Flood Insurance Manual allowing waivers only for claims under $7,500." *Id.* at n. 11. We declined to decide the issue at that time, and Allstate raised the issue again on remand, giving rise to this appeal.

The Code of Federal Regulations, 44 C.F.R. § 62.23(i)(1) (2002), governs WYO claims adjustment practices. It provides:

> (i) To facilitate the adjustment of flood insurance claims by WYO Companies, the following procedures will be used by WYO Companies. (1) Under the terms of the Arrangement set forth at appendix A of this part, WYO Companies will adjust claims in accordance with general Company standards, guided by NFIP Claims manuals.

44 C.F.R. § 62.23(i)(1).

The applicable Adjuster's Manual prohibits the WYO from waiving a proof of loss, if the loss amount exceeds $7,500. Allstate argues that because a clause in the SFIP issued to Pecarovich states that it is issued pursuant to "Applicable Federal Regulations in Title 44 of the Code of Federal Regulations," and the regulations indicate that WYO companies must be guided by the Adjuster's Manual, Pecarovich himself is also bound by that manual.

We reject this argument. There is no contractual provision binding upon Pecarovich governing the dollar limitation on the WYO companies' discretion to waive proof of loss. Nor did Pecarovich have notice of that limitation by the bare reference to Title 44 of the C.F.R.

Thus, Allstate, not the insured, is obligated to obtain a Proof of Loss form in cases of loss over $7,500. Allstate may have breached its obligation to the NFIP when it waived the proof of loss filing in Pecarovich's case, but it cannot pass this responsibility on to its insured. Because Allstate waived the proof of loss requirement, Pecarovich did not breach the contract by failing to file the Proof of Loss with Allstate.

We conclude that Allstate's waiver of the Proof of Loss form for Pecarovich's flood damage was not null and void due to the waiver cap in the Adjuster's Manual, a cap not included in the insurance contract and apparently unknown to either Allstate's own adjuster or to Pecarovich.[1] Pecarovich is thus entitled to compensatory damages if he is able to demonstrate a covered claim.

REVERSED and REMANDED.

---

1.   Allstate does not dispute that provisions of the Adjuster's Manual are not publically available, so Pecarovich had no way to even learn of the waiver cap had he not undertaken a search.